IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ADESANYA OLATUNJI SEGUN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 4:13-CV-529-CDL-MSH |
| VS. | : | |
| | : | |
| STEWART DETENTION CTR., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff Adesanya Segun has filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331, while confined at the Stewart County Detention Center in Lumpkin, Georgia. (ECF. 1.) Plaintiff was allowed to proceed *in forma pauperis*, but was ordered to pay an initial partial filing fee by the Court, which was paid on February 10, 2014. Plaintiff is reminded that he is still required to eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or

officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## II.  STATEMENT OF CLAIMS

In his complaint, Plaintiff sues the Stewart County Detention Center, Unit Manager L. Fedderick, and Officer Taylor Loreendral.  (Compl. 1.)  Plaintiff alleges a "violation of my right to information which is a cruel and unusual punishment."  (*Id.*)  Specifically, Plaintiff alleges he was denied information relating to his father's death which he claims caused physical, psychological and emotional damages.  (Compl. 3, ECF No. 1.)  Plaintiff further contends that he endured inhumane conditions at the facility, including no hot water, no access to showers, no heat, as well as excessive air conditioning.  (*Id.* at 4.)  Plaintiff also contends that there is no "fair and just opportunity to enjoy the assistance of the Justice Department." Specifically, Plaintiff contends that the Stewart County Detention Center has failed to provide an "adequate and administrative response" to inmate grievances thereby violating his due process rights.  (*Id.*)

## III.  ANALYSIS

Plaintiff's complaint asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Bivens* allows for certain claims against federal agents who, while acting under color of federal law, have violated the constitutional rights of an individual.  *See, e.g., Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir.2004).

### A.   **Failure to State a Claim**

#### i.   *No Constitutional Violation*

Plaintiff's claims regarding notification of his father's death fail to allege a constitutional violation.  Although Plaintiff would be entitled to receive mail regarding

3

the notification of his father's death,[1] there is no indication in his complaint that Plaintiff was denied access to any mail. Plaintiff merely indicates that Defendants "den[ied] me emergency information about my father's death from my family which resulted to my slamming on the floor as a result of shock, 5 days after the news was delivered to SDC," without providing further specification. (Compl. 3.)  Plaintiff does not assert that the Defendants even knew of his father's death when it occurred.  Thus, this "failure" by the Defendants fails to invoke any of Plaintiff's constitutional rights.

Likewise, Plaintiff's contention that this denial of "information" constitutes cruel and unusual punishment is without merit.  To constitute cruel and unusual punishment, a plaintiff must establish an "unnecessary and wanton infliction of pain [and] the imposition of pain totally without penological justification." *Evans v. Dugger*, 908 F.2d 801, 803 (11th Cir.1990); *see also McReynolds v. Ala. Dep't of Youth Servs.*, 204 F. App'x 819, 821-22 (11th Cir. 2006); *Lee v. Griner*, 188 F. App'x 877, 878 (11th Cir. 2006); *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).  Even construing the complaint liberally in favor of Plaintiff, the Court finds that Plaintiff has not alleged any facts suggesting that the Defendants' failure to inform him of his father's death was done, as Plaintiff alleges "maliciously and sadistically to cause harm."[2] While it is unfortunate that Plaintiff was not made aware of his father's death until five days after it occurred, the

---

[1] The First Amendment entitles a prisoner to receive and send mail, subject only to the institution's right to censor letters or withhold delivery if necessary to protect institutional security, and if accompanied by appropriate procedural safeguards. *Hudson v. Palmer*, 468 U.S. 517 (1984).
[2] The "maliciously and sadistically" standard cited by Plaintiff refers to whether a defendant has used excessive force, which is not a claim raised by Plaintiff in this case.

4

Defendants' failure to inform Plaintiff of the news of his father's death does not rise to the level of a constitutional violation.

For the same reason, Plaintiff's claim that there is no "fair and just opportunity to enjoy the assistance of the Justice Department" wholly fails to allege a constitutional violation. Plaintiff contends that Stewart County Detention Center restricted "the Justice Department number from the facility phone" so as to prevent detainees from reporting misconduct and violations. (Compl. 4.) Plaintiff has properly utilized his right of access to the courts to seek redress for the violations he has claimed. A denial of access to the Justice Department to report misconduct by Defendant does not state a valid claim for relief.

> ii. *Conditions of Confinement*

As stated above, Plaintiff claims that a lack of hot water, no access to showers or heat, as well as his allegations regarding excessive air conditioning, constitute uninhabitable living conditions. In addressing these types of "conditions of confinement" claims, the Eleventh Circuit has held that

> Generally, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." To mount a challenge to a condition of confinement, a prisoner must first prove "the condition he complains of is sufficiently serious to violate the Eighth Amendment." "The challenged condition must be extreme;" at the very least, the prisoner must show the condition of his confinement "poses an unreasonable risk of serious damage to his future health or safety." The prisoner must also show the prison officials acted with deliberate indifference to the condition at issue.

*Brown v. Pastrana*, 446 F. App'x 270, **1 (11th Cir. 2011) (citations and alterations omitted). In this case, as in *Brown*, Plaintiff's allegations do not satisfy the Supreme

5

Court's test in *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004), because he has failed to establish that the conditions he complains of were sufficiently serious to violate the Eighth Amendment. *Id; See Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994) (Only a deprivation which denies 'the minimal civilized measure of life's necessities' is grave enough to violate the Eighth Amendment.) (citation omitted). Plaintiff's alleged lack of hot water, access to showers, heat, and excessive air conditioning fall short of the required standard of deprivation. As such, these claims must be dismissed.

### iii.   Grievance Response

Lastly, Plaintiff claims that the Stewart County Detention Center violated his due process rights by failing to provide an adequate and administrative response to his grievances. (Compl. 4.) The Eleventh Circuit has agreed with other circuit courts in finding that a prisoner does not have a constitutionally-protected liberty interest to an inmate grievance procedure. *Thomas v. Warner,* 237 F. App'x 435, **2 (11th Cir. 2007) (citations omitted). "Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim." *Id.* Therefore, Plaintiff's due process allegations fail to state a valid claim for relief in this case.

### iv.   Defendants Fedderick and Loreendral

Although Plaintiff listed Fedderick and Loreendral as Defendants in his complaint, a thorough review of Plaintiff's complaint fails to show that he made any specific allegations against them. (Compl. 3.) Furthermore, Plaintiff's complaint fails to state that the Defendants committed any of the acts at issue. In fact, there is no mention of

Defendants Fedderick and Loreendral other than in the style of his complaint. Therefore, Defendants Fedderick and Loreendral are dismissed as defendants because Plaintiff has failed to state any claims against them.

### B. Stewart County Detention Center

Even if Plaintiff's Complaint sufficiently alleged constitutional violations, she could not maintain *Bivens* claims against the Stewart County Detention Center and/or its owner operator, Corrections Corporation of America (CCA).[3] The Supreme Court has held that a plaintiff cannot state a claim for relief under *Bivens* against a private corporation. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-74 (2001). The Court explained: "The purpose of *Bivens* is to deter *individual federal officers* from committing constitutional violations . . . [T]he threat of suit against an *individual's employer* was not the kind of deterrence contemplated by *Bivens*." *Id.* at 70 (emphasis added) (citations omitted). Thus, *Malesko* bars any claims Plaintiff has against the Stewart County Detention Center and/or CCA, and the Stewart County Detention Center is hereby dismissed as a party Defendant.

### CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), the Court finds that the Complaint and all claims for damages against the Defendants should be **DISMISSED** for the failure to state a claim upon which relief

---

[3] Stewart County Detention Center houses immigration detainees under an agreement with the Immigration and Customs Enforcement Agency (ICE). It is doubtful that "Stewart County Detention Center" is a legal entity capable of being sued, but construing Plaintiff's pro se Complaint liberally, the Court interprets this claim to be one against CCA, the owner and operator of the detention center.

7

could be granted. For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA), the Court determines that its decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 19th day of March, 2014.

s/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE